UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EARL SCALLY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THOMAS A. FERRARA,<br><br>　　　　Respondent. | No. 2:17-cv-1711 AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

　　　　Petitioner, a pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 2. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I.　　Petition

　　　　The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave

1

granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

Petitioner challenges his confinement on the grounds that he has been denied the right to a speedy trial, that counsel has been ineffective for failing to secure a speedy trial, and that he has suffered sexual abuse and threats while in custody. ECF No. 1 at 5, 7, 8, 10, 17-50. He appears to seek immediate release and dismissal of the charges against him in accordance with California's Speedy Trial Act (id. at 18) or, alternatively, that this court hold an evidentiary hearing on the alleged violation of his right to a speedy trial (id. at 16, 28), as well as an evidentiary hearing on the conduct of the officers at the jail (id. at 50).

Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas petition brought by a pretrial detainee. McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (citations omitted). However,

> abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution. The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."

Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (quoting Carden v. Mont., 626 F.2d 82, 84 (9th Cir. 1980)); Younger v. Harris, 401 U.S. 37, 43-54 (1971). A finding of deliberate delay "may bear on the merits of the [petitioner's] speedy trial claim, [but] it does not determine the appropriateness of federal intervention." Carden, 626 F.2d at 84. Nor does the mere fact that petitioner must wait until after trial to assert his speedy trial claim demonstrate irreparable injury. Id.

To the extent petitioner is attempting to assert his right to a speedy trial as an affirmative defense, his petition is barred unless he falls within one of the two exceptions provided by Carden. Brown, 676 F.3d at 903. Although petitioner argues that both exceptions apply, he contends that the delay renders the prosecution harassing and inflicts irreparable injury. ECF No. 1 at 20-23. This is not sufficient to show that either exception applies. Furthermore, petitioner's narrative and exhibits to a recent filing show that any delays are nearly all attributable to

2

addressing the question of his competency, including multiple referrals to the state hospital, and that the state courts are affording him opportunities to challenge his continued confinement. Id. at 23-49; ECF No. 12. To the extent petitioner is claiming that he is being harassed while in custody, these claims address the conditions of confinement and do not demonstrate that his prosecution is harassing. Claims regarding petitioner's conditions of confinement must be brought, if at all, in a civil rights lawsuit under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas").

Petitioner's request to dismiss his state charges because his right to a speedy trial is being violated is clearly barred. Petitioner has not established the application of an exception to the bar. Accordingly, it will be recommended that the petition be dismissed without prejudice. Petitioner is free to revive his speedy trial claims in a post-conviction habeas petition and to pursue his conditions of confinement claims in an action under § 1983.

## II. Miscellaneous Motions

Also pending before the court are petitioner's motions for modification of the evidentiary rules for summary judgment (ECF Nos. 5, 12), motion for summary judgment (ECF No. 6), and motion for appointment of counsel (ECF No. 10). Petitioner's motion for summary judgment deals with his conditions of confinement claims and has no place in a habeas corpus proceeding. It will therefore be stricken. Petitioner's related motions to modify the relevant evidentiary requirements will be denied. The motion for appointment of counsel will also be denied in light of the recommendation that the petition be dismissed.

## III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has

not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Petitioner's motions for modification of the evidentiary requirements for summary judgment motions (ECF No. 5, 12) are denied.
3. Petitioner's motion for summary judgment (ECF No. 6) is stricken.
4. Petitioner's motion for appointment of counsel (ECF No. 10) is denied.
5. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.
2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE